GALE *vs* EDSALL.

In a proceeding for the admeasuremeut of dower, if one of the admeasurers dies
before the execution of his trust, the vacancy may be supplied by a new
appointment made by the surrogate for the time being, although the original
appointment was made by his predecessor.

THIS was an action of ejectment, tried at the Orange circuit in September, 1830, before the Hon. JAMES EMOTT, then one of the circuit judges.

The action was brought for the recovery of lands assign-ed to the plaintiff as dower, by admeasures. In August, 1825, Wheeler Case, then surrogate of the county of Or-ange, on the application of the plaintiff, appointed Hector Craig, John Moffat and Hezekiah Moffat admeasurers to ad-measure and assign to the plaintiff one third part of certain lands as her dower, The admeasurers were duly sworn, but before executing the trust, Hezekiah Moffat one of them, died. In September, 1838, Daniel H. Tuthill, then surro-gate of Orange, made an order, reciting the previous order of August, 1825, and the death of Hezekiah, Moffat, one of the admeasurers, setting forth the petition of the plaintiff for the appointment of a disinterested freeholder, to complete the ad-measurement in connection with Hector Craig and John Mof-fat, the surviving admeasurers, and appointing John W. Wilkin, in connection with Hector Craig and John Moffat, to make or to complete the admeasurement begun in the life time of Hez-ekiah Moffat. The admeasurement was accordingly made by Wilkin and the two surviving admeasurers, and a re-port filed on the 23d September, 1829, assigning to the plain-tiff the premises demanded in this action. The defendant in-sisted that the order of the surrogate made in September, 1828, for the appointment of Wilkin was void, on the ground that the surrogate then in office had no jurisdiction in the matter. The judge over-ruled the objection, and the jury, un-der his direction, found a verdict for the plaintiff. The defendant moved to set aside the verdict.

*J. A. Spencer*, for the defendant. There is no provision in the statute, 1 R. L. 60, § 3, to supply a vacancy occasioned by the death of an admeasurer. When the appointment is once made, the power of the surrogate is exhausted. This statute creating a mode of proceeding unknown to the common law, must be strictly construed. Besides, it does not appear that notice of the new appointment was given to the defendant; notice of proceeding under this act, although not expressly required by the statute, must be given, or they will be set aside. 6 Johns. R. 281. 9 id. 245. The defendant was as much entitled to notice of the substituted appointment as he was of the original appointment, and that such notice was given should affirmatively appear, or the surrogate has no jurisdiction. 5 Wendell, 281.

*J. R. Van Duzer* for plaintiff. The surrogate's court is a court of record, and it is incidental to the powers of such a court to supply a vacancy occasioned by the death of a person appointed to execute a trust under its authority, as in the case of referees, commissioners to make partition, &c. A surrogate has the right to complete proceedings commenced by his predecessor. The objection of the want of notice cannot be urged here, not having been taken at the circuit; besides, the court will intend that the fact appeared that notice was given. 7 Cowen, 353.

*By the Court*, NELSON, J. It is objected that the surrogate had no power to make the second order under the act. The statutes provides that upon the petition of the widow, 1 R. S. 60, § 3 and 12, the surrogate shall issue an order to [three disinterested freeholders of the county, to be by him appointed for that purpose, to admeasure, &c. There can be no doubt, if one the admeasurers should decline serving or die, on a proper application, the surrogate has the power to appoint another person in his place. If this power is not necessarily to be inferred from the terms of the statute, and I am of opinion it is, it is clearly incidental, being essential to carry into effect the object and intent of the act. It was said the proceedings must begin *de novo*. If this were to be admitted, it would not

avail the defendant, as the order appointing the admeasurers is the first proceeding of the officer, and it appoints Wilkin in connection with Craig and Moffat, admeasurers. But I do not put the decision on this ground. No objection was made at the trial of want of notice, and it cannot now be urged.

New trial denied.