By the Court,
Bronson, J.
On an appeal from the surrogate in proceedings for the admeasurement of dower, he is required to certify and transmit to this court a transcript of the petition, affidavits, notices, orders, reports, and all other proceedings on the application, and we are to hear and determine the apppeal, and do therein what shall be just. (2 R. S. 491, § 21, 22.) We sit in review, and cannot look beyond the papers which are returned by the surrogate. The affidavits which were presented on the argument, but which were not before the surrogate, must therefore be laid out of the case.
The surrogate had ample authority to substitute another commissioner in the place of Burch, who declined serving on the ground of ill health. (2 R. S. 490, § 12; and see Gale. v. Edsall, 8 Wend. 460.) But it is said that the appellant should have had notice of making the substitution. I think he had notice. It appears from the papers, that *547 Burch lived in the same town where the proceedings were had, and the order substituting Evans in his place was made on the same day that the petition was presented. The fair inference is, that the surrogate, after naming the commissioners, took immediate measures to ascertain whether they would serve; and on learning that Burch declined, he at once made a further order substituting Evans in his place. The whole may be regarded as one continued proceeding for the appointment of commissioners, and it was not necessary to repeat the notice which had previously been served on the appellant. If he had attended in pursuance of the notice, and had left the office after the commissioners were named, without being informed that any thing further was to be done, he might then have had some ground for complaint. But he has none now.
It is said, that notice should have been given of the application for confirming the report of the commissioners. The appellant had all the notice which the statute requires, and all that was necessary for the preservation of his rights. The surrogate in his order appointing the commissioners specified the time when they should make their report. (2 R. /S'. 489, 490, § 10, 16.) This was in the nature of an adjournment; and when a party is once brought properly into court, he must take notice at his peril of a regular adjournment or continuance of the proceedings to another day. There can be little doubt that the appellant knew when the report was to be made; but if he did not, it was because he was voluntarily absent when the petition was presented and the commissioners appointed.
This brings us to the report of the commissioners, which has been confirmed by the surrogate. There is no reason for supposing that the widow has got more than her just share of the property; but the appellant complains of the manner in which dower has been assigned. Dower must, in general, be assigned by metes and bounds; but that is sometimes impracticable, as in the case of a mill which is not divisible. There, the widow shall be endowed in a special manner, as by having every third *548 toll-dish, or the entire mill every third year or month, or by taking a share of the profits in some other form. .So, in the case of incorporeal hereditaments, dower must be assigned in a special manner, having respect to the nature of the subject and the mode of enjoyment. . (Perkins, § 342; Co. Litt. 32, a, and 34, b; Roper on Husband and Wife, 395—9; Park on Dower, 251—5; 4 Kent, 63, 4, 4th ed.) And in mines which have been opened in the life-time of the husband, if dower cannot be assigned by metes and bounds, the parties may have an alternate, occupancy of the whole, or the widow may take a third of the rents and profits. (Coates v. Cheever, 1 Cowen, 460.) These are cases where the thing. is of such a quality that no division can be made which will give the parties the enjoyment of their respective shares in severalty.
But in the case at bar, the property was in its nature divisible, and I think the commissioners were right in following the general rule, and assigning dower by' metes and bounds. The widow might, perhaps, have objected to an assignment of a part of the dwelling house. Perkins puts the case of a ' capital messuage where there is no other land of which the widow is dowable; and says, if the heir assign her a chamber in the same messuage in the name of dower, and she agree thereto, it is a good assignment. He adds, “ But it seemeth that she is not compellable to take the same, because the messuage is as it were an entire thing; and it shall be but trouble and vexation unto a woman to have a chamber within the house of another man, and if she will not agree unto the same, then the heir may assign unto her a rent out of the same messuage in the name of her dower.” (Perkins, § 406.) But in section 342, he says, without qualification, that “ a woman may have a rent allowed to her out of a house for her dower of the house, or she may have a chamber of the same house assigned to her in allowance of her dower of the house.” And in a case like this, where there are no other lands in which the dower may be assigned, I think the widow could not refuse to take a part of the house. But however that *549 may be, this woman does not complain of having “ a chamber within the house of another man;” and I find nothing in the books to relieve the man from the “trouble and vexation” which may follow. In Howard v. Candish, (Palmer’s R. 264,) the sheriff assigned to the widow a third part of each chamber, and chalked out her part. This was held to be an idle and malicious assignment, and the sheriff was committed to prison. But the case decides nothing against the course which was pursued here, of assigning to the widow the whole of particular moms in the house. The assignment of a rent out of land in lieu-of dower, is said to be against common right, and it is very questionable whether the sheriff, at the common law, or the commissioners, under our statute, can make such an assignment. (Vin. Abr. Dower, (Y.) (Z.) Park on Dow. 262—264. 2 R. S. 490, § 13.) If the commissioners can make such an assignment in any case, it must be where, from the nature of the subject, the widow cannot have a part of the thing itself, but must take her dower in some other form.
It is quite probable that the division of a dwelling house may be prejudicial to the interests of both parties ; but that cannot be helped without the aid of the legislature. A proper spirit of accommodation would always enable the parties to adjust a matter of this kind better than any one else can do it for them. If they will go on in hostility to each other, they must abide the consequences of their own folly.
When part of a dwelling house is assigned to the widow for her dower, it must often be necessary to allow her the . use of some of the halls and passages in common with the heir or tenant, as the only mode in 'which she can have the beneficial enjoyment of her part of the property. I see nothing in the papers from which it can be inferred that the commissioners, in giving the right of ingress and egress, have gone beyond what the necessity of the case required.
The commissioners may have failed in a few instances to use the most appropriate language for carrying out the principle on which they proceeded; but this remark does *550 not apply to any matter of much importance. And I am the less inclined to criticise the report, for the reason that the appellant neglected the opportunity of appearing before the surrogate when the report came in, and when any trifling inaccuracy in the form of the report might have been corrected without trouble or expense. Indeed, there is room for question whether an appeal will lie after allowing the surrogate to confirm the report by default. (2 R. S. 490, § 16.) But without regard to that consideration, I have noticed all the questions going to the substantial merits of the controversy.
On affirmance, costs are in the discretion of the court. (Id. § 24.) As there has been no fault on the part of the appellee, we think costs should be allowed.
Proceedings affirmed.